# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MITCHELL LEE HULON,

        Petitioner,                        Case Number: 06-CV-12437

v.                                        HON. GEORGE CARAM STEEH

KENNETH T. MCKEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Mitchell Lee Hulon, through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for first-degree murder on the grounds that a necessary jury instruction was improperly omitted and he received ineffective assistance of counsel. For the reasons set forth below, the Court denies the petition.

### I. Background

Petitioner's conviction arises from the death of eighteen-month-old Justin Barringer. Justin died on August 7, 2002.

Dr. Valery Alexandrov, a forensic pathologist, performed an autopsy on Justin the day after his death. She found multiple contusions on Justin's head and body. The pattern and color of bruising indicated that a contusion to the forehead had been inflicted most recently and shortly before his death. As a result of the blow to his forehead, Justin suffered a skull fracture and significant hemorrhaging and edema. Dr. Alexandrov found that the cause of death was blunt force head trauma. She testified that Justin's injuries could not have been sustained in a fall.

Rachel Barringer-Valezco, Justin's mother, testified that she and Petitioner lived together

in 2002, with her son Justin and Petitioner's son, Ryan. While she worked, Petitioner cared for Justin and Ryan. On August 6, 2002, Barringer-Valezco left for work at approximately 3:30 p.m., after an uneventful day at home with the children. Petitioner called her at approximately 7:00 p.m. to tell her that Justin was unconscious. Barringer-Valezco, who was working only a few miles away, rushed home. She grabbed Justin, told Petitioner to call 911, and rushed Justin to the car to take him to the hospital, but was intercepted by an ambulance on the way there. She testified that after arriving at the hospital, she telephoned Petitioner who told her that Justin had fallen and hit his head on the toilet after Petitioner gave him a bath.

Detective Bart Dexter, Midland County Sheriff's Department, testified that on August 6, 2002, he was dispatched to the emergency room where Justin had been taken to investigate a possible case of child abuse. Detective Dexter interviewed Petitioner at his home. Petitioner told Detective Dexter that Justin hit his head on the lip of the tub when Petitioner was lifting him out following his bath.

Detective Dan Stark, Midland County Sheriff's Department testified that he conducted a taped interview of Petitioner during which Petitioner gave various accounts of what happened to Justin. A transcript of the audiotape was read into the record. Petitioner first claimed Justin fell backwards in the tub, then that he pushed Justin backwards on the carpet, that Justin fell in the tub, that his shoulder blocked Justin, then that Justin hit the side of the tub. Petitioner stated at one point that he just "snapped" because of all of Justin's whining and hit him with a "football tackle." Tr., Vol. 3, at 66.

Petitioner did not testify in his own defense.

## II. Procedural History

Following a jury trial in Midland County, Michigan, Petitioner was convicted of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), with first-degree child abuse, Mich. Comp. §750.136b(2), as the predicate offense. On March 21, 2003, he was sentenced to life imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

> I. Whether the trial court erred reversibly in failing to instruct the jury on the lesser included offense of involuntary manslaughter based on a reasonable view of the evidence.
>
> II. Whether defendant was deprived of the effective assistance of counsel under the Sixth Amendment of the Constitution based on the failure of trial counsel to object to significant prosecutorial misconduct and to take other actions reasonably required which, in the aggregate would likely have resulted in a different outcome of the case.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Hulon*, No. 247489 (Mich. Ct. App. Apr. 22, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court remanded the matter to the court of appeals in lieu of granting leave to appeal for reconsideration in light of *People v. Holtschlag*, 471 Mich. 1 (2004). *People v. Hulon*, No. 126403 (Mich. Dec. 27, 2004).

On remand, the Michigan Court of Appeals again affirmed Petitioner's conviction. *People v. Hulon*, No. 247489 (Mich. Ct. App. March 10, 2005). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Hulon*, No.

128468 (Mich. Nov. 2, 2005).

Petitioner, through counsel, has now filed the pending petition for a writ of habeas corpus, raising the following claims:

I.  The decision of the Michigan Circuit Judge to refuse the requested instruction on the lesser included offense of involuntary manslaughter and to instead give the jury an instruction of the defense of accident was based on an unreasonable determination of the facts and law in light of the evidence presented in state court proceedings.

II. The failure of trial counsel to request an instruction on second-degree child abuse was objectively unreasonable and constituted ineffective assistance of counsel since under Michigan law, a death caused as a result of second-degree child abuse could not result in application of the felony-murder rule.

### III. Standard of Review

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410-11.

### IV. Discussion

### A. Jury Instruction

In his first claim for habeas corpus relief, Petitioner argues that he was denied a fair trial when the trial court refused to give a manslaughter instruction. The jury was instructed on the charged offense of first-degree murder and the lesser offense of second-degree murder. The trial court declined to give an involuntary manslaughter instruction on two grounds. First, the trial court held that the instruction was not appropriate under *People v. Cornell*, 466 Mich. 335 (2002). Second, the trial court held that the testimony presented at trial did not support an involuntary manslaughter instruction.

The Michigan Court of Appeals found that the trial court erred in failing to give the requested instruction, but found the error harmless. The state court reasoned as follows:

> We find . . . that the failure to instruct on voluntary manslaughter was harmless. Harmless error analysis is applicable to jury instructions involving necessarily included lesser offenses. *People v. Cornell*, 466 Mich. 355; 646 N.W.2d 127 (2002). In *People v. Zak*, 184 Mich. 1, 16; 547 N.W.2d 59 (1990), this Court stated:
>
>> Where the trial court instructs on a lesser included offense, which is intermediate between the greater offense and a second lesser

5

> included offense, for which instructions were requested by the
> defendant and refused by the trial court, and the jury convicts on
> the greater offense, the failure to instruct on the requested lesser
> included offense is harmless if the jury's verdict reflects an
> unwillingness to have convicted on the offense for which
> instructions were not given.
>
> Here, the jury was instructed with regard to first-degree felony murder and
> second-degree murder and found defendant guilty of first-degree felony murder.
> The jury's rejection of second-degree murder in favor of first-degree murder
> reflected an unwillingness to convict of a lesser included offense such as
> manslaughter.

*Hulon*, slip op. at 4.

While the failure to instruct on a lesser included offense can constitute constitutional error in a capital case, *Beck v. Alabama*, 447 U.S. 625, 638 (1980), the Supreme Court has specifically declined to decide whether such a requirement applies in non-capital cases. *Id.* n.14. Failure to give a lesser included offense instruction may serve as grounds for habeas relief only if "the state court so manifestly and flagrantly violated its own clearly stated law in refusing the requested instruction, that the petitioner was denied due process of law." *Todd v. Stegal*, 40 Fed. Appx. 25, 28 (6th Cir. 2002). However, the Sixth Circuit has indicated that "such occasions would be rare," and that relief would be warranted under such a theory only where "the failure to give the instruction amounts to a fundamental miscarriage of justice likely to have resulted in the conviction of an innocent person." *Id*. Petitioner cannot show that the state court's failure to instruct on lesser included offenses was contrary to or an unreasonable application of Supreme Court precedent where Supreme Court precedent does not require a lesser included offense instruction in non-capital cases. Moreover, because the failure to give a voluntary manslaughter instruction would have been harmless given the jury's verdict of first degree murder, Petitioner cannot establish on federal habeas review that the failure to give the instruction had a

"substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotation omitted), or resulted in a fundamental miscarriage of justice.

### B. Alleged Ineffective Assistance of Counsel

Next, Petitioner argues that trial counsel was ineffective in failing to request an instruction on second-degree child abuse because second-degree child abuse cannot serve as a predicate offense for first-degree murder.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Strickland*, 466 U.S. at 688; additional internal quotations omitted). However, when assessing counsel's performance, the reviewing court should afford counsel great deference. *Strickland*, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be

7

considered sound trial strategy'").

Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id*.

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held, in pertinent part:

> To establish an ineffective assistance of counsel claim, a defendant must show: (1) that counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing norms, and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687; 104 S. Ct. 2052; 80 L. Ed. 2d 674 (1984); *People v. Pickens*, 446 Mich. 298, 302-303; 521 N.W.2d 797 (1994). To demonstrate prejudice, the defendant must show that but for counsel's errors, the result of the proceedings would have been different. *Strickland*, *supra* at 694. Furthermore, the defendant must overcome the presumption that the challenged action was sound trial strategy. *People v. Daniel*, 207 Mich. App. 47, 58; 523 N.W.2d 830 (1994).
>
> * * *
>
> . . . [D]efendant argues that trial counsel failed to request that the jury be instructed on second-degree child abuse. "This Court will not second guess counsel regarding matters of trial strategy, and even if defense counsel was ultimately mistaken, this Court will not assess counsel's competence with the benefit of hindsight." *People v. Rice* (On Remand), 235 Mich App 429, 445; 597 NW2d 843 (1999). The decision to not request second-degree child abuse instructions was a matter of trial strategy because instructions on that offense may have reduced the chance of an acquittal.

*Hulon*, slip op. at 2-3.

The Sixth Circuit Court of Appeals has held that, on habeas review, a petitioner may not establish that his attorney was ineffective for failing to request a lesser-included offense instruction where the evidence was sufficient to support the greater offense. *Fischer v. Morgan*, 83 Fed. App'x 64, 66-67 (6th Cir.2003). Petitioner has not shown that the evidence was

insufficient to support first-degree child abuse. The Michigan Court of Appeals concluded that Petitioner failed to show that his attorney's decision was not the result of sound trial strategy. Petitioner has failed to show that this was contrary to or an unreasonable application of *Strickland*.

## V. Conclusion

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

Dated: May 12, 2008

        S/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 12, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk