**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MITCHELL LEE HULON,

        Petitioner,                          Case Number: 06-CV-12437

v.                                             HON. GEORGE CARAM STEEH

KENNETH T. MCKEE,

        Respondent.
_____/

# ORDER

### (1) GRANTING PETITIONER'S MOTION TO GRANT EXTENSION FOR FILING OF AN APPEAL;

### (2) GRANTING PETITIONER'S MOTION TO WITHDRAW MOTION FOR CERTIFICATE OF APPEALABILITY;

### (3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY; AND

### (4) DENYING AS MOOT MOTION FOR RULING ON MOTION FOR ORDER OF CERTIFICATE OF APPEALABILITY

Petitioner Mitchell Lee Hulon, through counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his first-degree murder conviction. On May 12, 2008, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Thereafter, Petitioner filed several motions related to a certificate of appealability and the filing of a notice of appeal.

First, Petitioner filed a Motion to Grant Extension for Filing of An Appeal. Fed. R. App. P. 4(a)(5) provides that the district court may extend the time to file a notice of appeal if:

    (i) the party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) . . . that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).

Petitioner filed his motion for an extension of time within thirty days after the time prescribed by Rule 4(a) expired. Thus, Petitioner satisfies the time requirement of Fed. R. App. P. 4(a)(5).

Petitioner claims that he failed to timely file a notice of appeal because he was awaiting the Court's ruling regarding a certificate of appealability. While a habeas corpus petitioner need not await a ruling regarding the issuance of a certificate of appealability before filing a notice of appeal, the Court nevertheless finds that Petitioner's failure to file a notice of appeal was the result of excusable neglect. The Court will grant the Motion for Extension of Time. In accordance with Fed. R. App. P. 4(a)(5)(C), the time for filing a notice of appeal is enlarged to ten days from the date of this order.

Petitioner has filed two Motions for Certificate of Appealability. Recently, he also filed a Motion to Withdraw the Motions for Certificate of Appealability. The Court grants Petitioner's request to withdraw the motions. Although Petitioner has withdrawn his Motions for Certificate of Appealability, Petitioner has stated that he intends to file a notice of appeal. The Court may decide whether to issue a certificate of appealability before a notice of appeal is filed. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In this case, the Court will make a determination regarding a certificate of appealability without awaiting the filing of a notice of appeal.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must "show . . . that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

Petitioner presented two claims in his habeas corpus petition. In his first claim, Petitioner argued that he was denied a fair trial when the trial court refused to give a manslaughter instruction. This Court held that the state court's failure to instruct on a lesser included offense was not contrary to or an unreasonable application of Supreme Court precedent where Supreme Court precedent does not require a lesser included offense instruction in non-capital cases. *See Beck v. Alabama*, 447 U.S. 625, 638 (1980). The Court further held that, because the failure to give a voluntary manslaughter instruction would have been harmless given the jury's verdict of first-degree murder, Petitioner did not establish that the failure to give the instruction had a "substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotation omitted), or that it resulted in a fundamental miscarriage of justice.

Second, Petitioner argued that his trial attorney was ineffective in failing to request an instruction on second-degree child abuse because second-degree child abuse cannot serve as a predicate offense for first-degree murder. On habeas review, a petitioner may not establish that his attorney was ineffective for failing to request a lesser-included offense instruction where the evidence was sufficient to support the greater offense. *Fischer v. Morgan*, 83 Fed. App'x 64,

66-67 (6th Cir.2003). This Court concluded that Petitioner failed to show that the evidence was insufficient to support first-degree child abuse. In addition, he failed to show that the Michigan Court of Appeals' holding that defense counsel's decision was the result of sound trial strategy was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

The Court concludes that reasonable jurists would not debate the Court's conclusion that neither of the foregoing claims warranted habeas corpus relief. Therefore, the Court will deny a certificate of appealability.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Grant Extension for Filing of an Appeal" [dkt. # 19] is **GRANTED**. The time for filing a notice of appeal is enlarged by ten days from the date of this Order.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Withdraw Motion for Certificate of Appealability" [dkt. # 21] is **GRANTED** and the "Motions for Certificate of Appealablity" [dkt. # 18 & 20] are **WITHDRAWN**.

**IT IS FURTHER ORDERED** that a certificate of appealablity is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Ruling on Motion for Order of Certificate of Appealability" [dkt. #22] is **DENIED AS MOOT**.

Dated: September 30, 2008

                                          S/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 30, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk